IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MILTON ANDERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | CIVIL ACTION .2:15-cv-249-MHT-TFM |
| ) | |
| DAVID WARREN, et. al., ) | |
| ) | |
| Defendants. ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This 42 U.S.C. § 1983 action was removed to this Court from the Circuit Court of Montgomery County on April 15, 2015. (Doc. 1). In his Complaint, as amended, Plaintiff, a former inmate in the Lee County Detention Center, brings claims for actions which he alleges occurred during his incarceration. These claims include deprivation of access to courts, deliberate indifference to medical needs and conditions of confinement, and unjust seizure of property. (Doc. 1 and attachments thereto). Thereafter, the Defendants filed a Motion to Dismiss. (Doc. 16). The Court issued an Order requiring Plaintiff to show cause why this Motion should not be granted. (Doc. 18). Following Plaintiff's failure to respond to this Order, the Court issued a second Order requiring Plaintiff to show cause for his failure to respond to the Motion to Dismiss by August 10, 2015 and setting this case for a status and scheduling conference on August 11, 2015. (Doc. 19). In the Order the Court specifically

advised Plaintiff as follows:

> **The plaintiff is specifically cautioned that if he fails to appear as required by this order, the court will treat his failure to appear as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action and the undersigned will recommend that this case be dismissed for such failure.**

(Doc. 19). Plaintiff failed to appear before the Court at the scheduling conference and has failed to file a response to the Motion to Dismiss as directed by the Court. The Plaintiff has further failed to file any request for an extension of time to file a response to the Motion to Dismiss. The Court, therefore, concludes that this case should be dismissed.

The Court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate. After such review, it is clear that dismissal of this case is the proper course of action. Indeed, the Court concludes that Plaintiff's failure to comply with the Orders of this Court requiring a response to the Motion to Dismiss, especially after the Court granted two extensions, (Docs. 18, 19, 21) and his failure to appear at the status and scheduling conference after receiving the above warning (Doc. 19), warrants dismissal of this action. *Moon v. Newsome,* 863 F. 2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.); *see also Tanner v. Neal,* 232 Fed. Appx. 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amendment to complaint in compliance with court's order directing amendment and warning of

consequences for failure to comply.

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice. It is further

ORDERED that the Plaintiff file any objections to the this Recommendation on or before **September 11, 2015.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 28th day of August, 2015.

                                        /s/Terry F. Moorer
                                        TERRY F. MOORER
                                        UNITED STATES MAGISTRATE JUDGE